IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 03 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ANTHONY TROIANI | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-06-67 |
| | § | |
| ALLSTATE INSURANCE COMPANY, | § | |
| ALLSTATE TEXAS LLOYD'S COMPANY | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on July 3, 2006, the Court **DENIED** Plaintiffs' [sic] Motion To Remand. Dkt. No. 14.

I. **Background**

On March 1, 2006, Anthony Troiani, a citizen of the state of Texas, filed a complaint against Allstate Insurance Company and Allstate Texas Lloyd's Company. Dkt. No. 1, Ex. A. Defendants, by virtue of their status as corporations, are citizens of both the State of Illinois and the State of Virginia.[1] Dkt. No. 1, Ex. B; 28 U.S.C.A. §1332(c)(1) (2006).

Plaintiff's petition states five causes of action based on an insurance policy, covering claims for water and mold damage to the Plaintiff's home, which Defendants sold to the Plaintiff. Dkt. No. 1, Ex. A, at 5-6. The causes of action include breach of the

---

[1] Defendants have submitted an affidavit establishing their diversity. Dkt. No. 1, Ex. B. Plaintiff does not concede that Defendants are diverse and states that he must undertake discovery to make that determination. Dkt. No. 14, at 4. However, Plaintiff provides no evidence to rebut Defendants' diversity, and his Motion to Remand is based solely on the amount in controversy. Therefore, the Court finds that the parties are diverse.

Unfair Settlement Practices Statute,[2] breach of the duty of good faith and fair dealing, breach of the prompt Payment Statute,[3] breach of contract, and violations of the Deceptive Trade Practices and Consumer Protection Act. Dkt. No. 1, Ex. A, at 5.

Defendants filed a Notice of Removal on April 7, 2006, relying on diversity of citizenship to provide subject matter jurisdiction. Dkt. No. 1. Plaintiff filed a Motion to Remand on May 26, 2006. Dkt. No. 14. Plaintiff also filed an affidavit in conjunction with his Motion to Remand stating that the amount in controversy will not exceed $75,000, and further stating that should the amount exceed $75,000 he would accept a remittitur. Dkt. No. 14, Ex. 2. Defendants responded with an opposition to Plaintiff's Motion to Remand on June 2, 2006. Dkt. No. 15.

## II. Standard for Removal and Remand

A party may remove any civil action from state court to federal district court if the action is one over which the federal court possesses original jurisdiction. 28 U.S.C. § 1441(a) (2006). The federal court has original jurisdiction, pursuant to diversity jurisdiction, when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C.A. § 1332(a) (2006). "[D]oubts regarding whether removal jurisdiction is proper should be resolved" in favor of remand. Acuna v. Brown & Root, Inc., 200 F. 3d 335, 339 (5th Cir. 2000). The burden is on the removing party to establish the existence of original jurisdiction and propriety of removal. Willy v. Coastal Corp., 855 F. 2d 1160, 1164 (5th Cir. 1988).

The sole issue presently before this Court is whether the amount in controversy exceeds $75,000. See supra n. 1. The Court looks to the Plaintiff's original state court petition to determine whether or not the amount in controversy exceeds the jurisdictional limit. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 291

---

[2] Plaintiff refers to this statute as Article 21.21; however, this statute is presently codified at Texas Insurance Code §§ 541.060, 541.151, 541.152.

[3] Plaintiff refers to this statute as Article 21.55; however, this statute is presently codified at Texas Insurance Code §§ 542.060, 542.055, 542.056, 542.057.

(1938).

Claims made for less than the jurisdictional amount may be considered bad faith claims if the Plaintiff has knowledge that the claims may result in recovery of an amount greater than $75,000; such bad faith claims do not prevent removal to federal court. De Aguilar v. Boeing Co., 47 F. 3d 1404, 1410 (5th Cir. 1995). Plaintiffs seeking to prevent removal must file a binding stipulation or affidavit limiting their potential recovery *with* the original state court petition; once the Defendant has removed the case, later filings are irrelevant, and a stipulation lowering the amount of damages claimed will not oust federal jurisdiction once it has attached. *St. Paul Mercury,* 303 U.S. at 293; *see also De Aguilar,* 47 F. 3d at 1412. Stipulations filed after a case has been removed may only be considered if they clarify any ambiguous claims in the original petition. Gebbia v. Wal-Mart Stores, Inc., 233 F. 3d 880, 883 (5th Cir. 2000).

When the Plaintiff's complaint does not allege a specific amount of damages, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *De Aguilar,* 47 F. 3d at 1412. The removing party will meet this burden "if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgement type evidence' of facts in controversy that support a finding of the requisite amount." Manguno v. Prudential Ins., Co., 276 F. 3d 720, 723 (5th Cir. 2002); *see also* Simon v. Wal-Mart Stores, Inc., 193 F. 3d 848, 850 (5th Cir. 1999); Allen v. R. & H. Oil & Gas Co., 63 F. 3d 1326, 1335 (5th Cir. 1995).

If the Defendants show by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Plaintiff, in order to prevent removal, must be able to show to a legal certainty that he will not be able to recover more than the jurisdictional amount. *St. Paul Mercury,* 303 U.S. at 289; *De Aguilar,* 47 F. 3d at 1412. In other words, once the Defendant meets his burden removal attaches, and if the Plaintiff cannot prove to a legal certainty that the amount in controversy is less than the jurisdictional amount, the Plaintiff's Motion to Remand must be denied. *Id.*

## III. Analysis

Defendants removed this action from state court pursuant 28 U.S.C. §§ 1441, 1446. Dkt. No. 1. As the removing parties, the burden is on the Defendants to establish the existence of jurisdiction and propriety of removal. *De Aguilar*, 47 F. 3d at 1408. Here, Defendants claim jurisdiction is proper based on diversity. Dkt. No. 1, at 1-2. Therefore, Defendants must show that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and that the action is between citizens of different states. *See* 28 U.S.C. § 1332. For purposes of this action, the sole issue is whether or not the amount in controversy exceeds $75,000. *See supra* n. 1.

### A. *Amount Claimed In Petition*

Ordinarily, the Court examines a plaintiff's original petition and the sum claimed therein to determine whether or not the amount in controversy exceeds $75,000. *St. Paul Mercury*, 303 U.S. at 291. However, because plaintiffs in Texas are prohibited from alleging a monetary sum in their original petition, there is generally no sum for the courts to refer to in determining the amount in controversy. *See* TEX. R. CIV. P. § 47(b). The petition may only include "the statement that the damages sought are within the jurisdictional limits of the court." *Id.* Nonetheless, Plaintiff, in violation of this rule, has included monetary claims in his petition. Dkt. No. 1, Ex. A, at 4, 9, 11-13, 15-18. Therefore, the Court will look to the claims in the petition to determine whether or not the amount in controversy exceeds $75,000.

In addition to policy limits and potential attorney's fees, the amount in controversy includes "penalties, statutory damages, and punitive damages." St. Paul Reinsurance Co. v. Greenberg, 134 F. 3d 1250, 1253 (5th Cir. 1998); *see also* Bell v. Preferred Life Assur. Soc. of Montgomery, Ala., 320 U.S. 238, 240 (1943) ("[A]ctual and punitive damages . . . must be considered to the extent claimed in determining jurisdictional [*sic*] amount."); Foret v. S. Farm Bureau Life Ins. Co., 918 F. 2d 534, 536 (5th Cir. 1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount."). In this case, Plaintiff asserts claims for actual damages as well as statutory

penalties, exemplary damages, treble damages, and attorney's fees. *See* Dkt. No. 1, Ex. A, at 18 . Therefore, the Court will consider all of these requests in determining whether the amount involved in this controversy exceeds $75,000.

In his original state court petition, Plaintiff initially states that he seeks "monetary and other relief not in excess of $70,000." Dkt. No. 1, Ex. A, at 4. However, Plaintiff goes on to state claims which exceed $75,000. Dkt. No. 1, Ex. A, at 8-15.

Plaintiff's first cause of action is for breach of the Unfair Settlement Practices Act. Dkt. No. 1, Ex. A, at 8. Plaintiff states that the Defendants' conduct caused Plaintiff damage in an amount "not in excess of $70,000," and that Plaintiff "*further* incurred costs in having to employ the undersigned attorneys to prosecute [the] action, for which [he] should *also* be compensated." Dkt. No. 1, Ex. A, at 6-7 (emphasis added). Even a facial reading of this claim clearly shows that the Plaintiff did not consider attorney's fees as a part of the $70,000 sum. Plaintiff further avers that Defendants' actions concerning this first claim trigger "mandatory trebling provisions," because such actions were knowingly committed by the Defendants.[4] Dkt. No. 1, Ex. A, at 10. Therefore, as remedies for his first cause of action Plaintiff claims attorney's fees and treble damages in addition to the $70,000 sum, resulting in a total amount which clearly exceeds the requisite $75,000.

In his second cause of action, Plaintiff asserts that the Defendants' conduct damaged him in an amount not in excess of $70,000, and he also claims "exemplary damages in an amount to be asserted by the trier of fact." Dkt. No. 1, Ex. A, at 11-12. Therefore, for his second cause of action Plaintiff seeks $70,000 *plus* an unknown amount in exemplary damages.

Plaintiff's third and fourth causes of action each include a claim for damages in an amount not in excess of $70,000 as a result of Defendants' conduct. Dkt. No. 1, Ex. A, at 12-13. Plaintiff does not request exemplary damages, treble damages, or

---

[4] Under the recodified version of Article 21.21, upon a finding "that the defendant knowingly committed the act complained of, the trier of fact *may* award" treble damages. TEX. INS. CODE §541.152 (2005) (emphasis added). Such an award is not mandatory as the Plaintiff suggests in his complaint. Dkt. No. 1, Ex. A, at 10.

attorney's fees for either of these claims.

Plaintiff's fifth cause of action states a claim for "*additional* statutory treble damages in an amount not in excess of $70,000." Dkt. No. 1, Ex. A, at 15 (emphasis added). By using the term "additional" Plaintiff implies that the treble damages sought under the fifth cause of action are in addition to any damages awarded under this or any other cause of action. *Id.* ("[B]ecause such conduct involved knowing violations of the D.T.P.A., Plaintiffs are entitled to recover *additional* statutory treble damages in an amount not in excess of $70,000." (emphasis added)). Furthermore, Plaintiff requests attorney's fees *in addition* to any damages included in the $70,000 sum. *Id.* at 16 ("Plaintiffs are *also* entitled to the recover [sic] of the attorney's fees they have incurred." (emphasis added)).

However, in the section of the petition entitled "Gross Negligence," Plaintiff contends that the Defendants' actions constitute gross negligence and, because such gross negligence was a proximate producing cause of the "plaintiffs damages, exemplary damages should be assessed against the defendant [sic] . . . in an amount not to exceed $70,000 in total damages." Dkt. No. 1, Ex. A, at 16. In contrast to his earlier request seeking exemplary damages in an amount to be determined by the trier of fact, here, Plaintiff specifically limits his claim for exemplary damages.

Therefore, in his original petition, Plaintiff asserts claims in excess of the jurisdictional amount, yet also attempts to impose a limit on his potential recovery by stating that he seeks an amount not in excess of $70,000. Dkt. No. 1, Ex. A, at 4, 8-15. In fact, included among the listed damages is a general statement that the "[p]laintiff seeks recovery in an amount not in excess of $70,000.00." Dkt. No. 1, Ex. A, at 16-18. However, it is not clear that the term "recovery" is meant to include exemplary damages, treble damages, or attorney's fees, since the Plaintiff previously indicated in the petition that such damages were "additional". Regardless, Plaintiff's petition states claims in excess of the jurisdictional amount, then attempts to impose a limit on the amount recoverable.

### B. *Bad Faith Limitations*

The United States Supreme Court has stated that a plaintiff seeking to avoid removal to federal court may sue "for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant may not remove the case to federal court." *St. Paul Mercury*, 303 U.S. at 294. However, the "statement from *St. Paul Mercury* was plainly premised on the notion that the plaintiff would not be able to recover more in state court than what was alleged in the state court complaint." *De Aguilar*, 47 F. 3d at 1410. Such limitations would be imposed by state provisions. *Id.*

Texas, however, strictly prohibits plaintiffs from claiming a monetary sum in their original petition. Tex. R. Civ. P. 47(b). Therefore, there is no state provision limiting a plaintiff's total recovery to what was plead in his original state court petition. As a result, plaintiffs may recover more than what is claimed in their original state court petitions. This creates "the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading." *De Aguilar*, 47 F. 3d at 1410.

When a plaintiff specifically limits his recovery in an attempt to avoid federal jurisdiction, his claim will not control if made in bad faith. *De Aguilar*, 47 F. 3d at 1409-10. A plaintiff's claim will be characterized as made in bad faith if it was made "with the knowledge that the claim is actually worth more, but also with the knowledge that [the plaintiff] may be able to evade federal jurisdiction by virtue of the pleading." *Id.* at 1410.

Here, the Plaintiff's claims clearly exceed the jurisdictional limit of $75,000. Dkt. No. 1, Ex. A, at 8-15; *see also supra* § III.A. Plaintiff claims he was damaged in an amount up to $70,000, and further claims exemplary damages, treble damages and attorney's fees. *Id.* Because the Plaintiff knows his claims are worth more than $75,000, and because Texas does not limit recovery to the amount claimed in the petition, Plaintiff's attempt to limit his recovery to a sum just within the jurisdictional limit

constitutes a transparent attempt to evade federal jurisdiction.[5] As a result, this attempt will not control to oust federal jurisdiction. Therefore, Plaintiff's statement that he "seeks recovery in an amount not in excess of $70,000" is irrelevant and will not be considered by the Court.

### C. Effect of Defendants' Affidavit

Jurisdictional facts that support removal must be judged at the time of the removal. *Gebbia*, 233 F. 3d at 883. Therefore, a plaintiff seeking to prevent removal must limit his potential recovery by filing a stipulation or affidavit with the original complaint; once the defendant has removed the case, later filings are irrelevant. *De Aguilar*, 47 F. 3d at 1412. The court may consider an affidavit submitted after removal only to the extent that it clarifies any ambiguities in the original petition. *Gebbia*, 233 F. 3d at 883. "Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury*, 303 U.S. at 293.

In this case, Plaintiff filed an affidavit, on May 26, 2006, in conjunction with his Motion to Remand. Dkt. No. 14, Ex. 2. In the affidavit, Plaintiff stipulates that the "maximum amount of damages, including attorney's fees, will not exceed . . . $74,000." *Id.* He further assures the Court that, should the trier of fact determine that the damages exceed $75,000, he will accept a remittitur. *Id.*

In the original state court petition, Plaintiff claims damages in excess of $75,000. Dkt. No. 1, Ex. A, at 8-15; *see also supra* § III.A. His attempt to limit recovery to an amount not in excess of $70,000 is ineffective. *See supra* § III.B. The clarification in Plaintiff's affidavit that the figure, including attorney's fees, is actually $74,000, also fails to oust federal jurisdiction because Plaintiff's claims clearly exceed $75,000 and there are no ambiguities to clarify. Thus, Plaintiff's affidavit can have no effect. Dkt. No. 14,

---

[5] The Court's conclusion that the Plaintiff is attempting to evade federal jurisdiction is bolstered by the fact that, in his affidavit, Plaintiff raises the amount of recovery sought to a sum even closer to the jurisdictional minimum. Dkt. No. 14, Ex. B.

Ex. 2. Even assuming the petition was in need of clarification, Plaintiff's affidavit does not clarify the original petition; rather, it attempts to impose changes on the original petition[6] — an action which is not permitted once removal has attached.

Furthermore, the Court will not consider Plaintiff's stipulation accepting remittitur. *Id.* Plaintiff's original "claim . . . fixes the right of the defendant to remove, and the plaintiff ought not be able to defeat that right and bring the cause back to the state court at his election." *St. Paul Mercury*, 303 U.S. at 294. Therefore, once the Defendant has removed, the Plaintiff is not at liberty to submit an affidavit lowering the amount in controversy. *Id.* Here, the Plaintiff submitted the affidavit after the Defendant removed the case, therefore Plaintiff's proposed acceptance of a remittitur is ineffective.

**D.    Burden of Proof**

   i.    Defendant's Burden

Because the Plaintiff's petition does not allege a specific amount of damages, the Defendant, as the removing party, must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *De Aguilar*, 47 F. 3d at 1412. The defendant will meet this burden "if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgement type evidence' of facts in controversy that support a finding of the requisite amount." Manguno v. Prudential Ins. Co., 276 F. 3d 720, 723 (5th Cir. 2002); *see also Simon*, 193 F. 3d at 850; *Allen*, 63 F. 3d at 1335.

In this case, it is apparent from the face of the Plaintiff's petition that the claims are likely to exceed $75,000. Dkt. No. 1, Ex. A, at 8-15; *see also supra* § III.A. Plaintiff claims damages not in excess of $70,000 and *further* claims attorney's fees, treble damages, and exemplary damages. *Id.* The resulting total is well above the jurisdictional limit of $75,000. For example, in his first cause of action Plaintiff claims that he was damaged in an amount not in excess of $70,000. Dkt. No. 1, Ex. A, at 9. *In*

---

[6] Plaintiff's Original Petition requests recovery not in excess of $70,000. However, Plaintiff's affidavit changes this amount to $74,000. Dkt. No. 14, Ex. B.

*addition*, he claims attorney's fees and treble damages. *Id*. Therefore, the amount in controversy is $70,000, *plus* treble damages and attorney's fees; in other words, Plaintiff claims damages of more than $210,000.

Plaintiff's attempts to limit his recovery in his original petition, and again by stipulation, are ineffective. Therefore, the Defendants have met their burden of showing that the amount in controversy exceeds $75,000.

### ii. Plaintiff's Burden

Once a defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, the plaintiff, in order to remand, must be able to show to a legal certainty that he will not be able to recover more than the jurisdictional amount. *St. Paul Mercury*, 303 U.S. at 289; *De Aguilar*, 47 F. 3d at 1412. In this case, Plaintiff has not met this burden. It is not clear to a legal certainty that the amount in controversy is less than $75,000. Plaintiff has not submitted any evidence indicating, to a legal certainty, that the amount in controversy will not exceed $75,000. In fact, in his stipulation, Plaintiff essentially concedes that the trier of fact may find that damages exceed $75,000. Dkt. No. 14, Ex. 2. ("*If* the damages . . . are determined by a trier of fact to exceed [$75,000,] a remititur [sic] will be accepted." (emphasis added)). Thus, the Court finds that Plaintiffs' [sic] Motion to Remand must be **DENIED**.

## IV. Conclusion

Based on the foregoing reasons, the Court **DENIES** Plaintiffs' [sic] Motion to Remand. Dkt. No. 14.

Done at Brownsville, Texas, this 3rd day of July, 2006.

Hilda G. Tagle
United States District Judge